UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE, *Subscriber Assigned IP Aaddress 173.66.207.187*,

    Defendant.

Civil Action No. TDC-15-1042

**ORDER**

Presently pending is the Motion to Quash ("Motion"), filed by Defendant John Doe, with the subscriber assigned IP address 173.66.207.187, on August 10, 2015. ECF No. 17. On August 27, 2015, Plaintiff Malibu Media filed its Opposition to Defendant's Motion to Quash and Request for Preservation Order ("Response"). ECF No. 20. The Motion is ripe for disposition, and no hearing is necessary to resolve the issues. *See* D. Md. Local R. 106.5. For the reasons that follow, the Motion is DENIED.

The Court's May 27, 2015 Order stated that "Malibu may obtain from the clerk a subpoena to be served on the ISP through which the Doe Subscriber allegedly downloaded the copyrighted work, and may serve the ISP in accordance with Fed. R. Civ. P. 45. The subpoena may command production of documents and or electronically stored information . . . identifying the Doe Subscriber." ECF No. 9. On August 10, 2015, Doe filed his Motion to Quash the subpoena Malibu Media served on him.

Under Federal Rule of Civil Procedure 45, a subpoena may be quashed if it (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond certain geographical

limits, (3) requires disclosure of privileged or other protected matter, or (4) subjects a person to undue burden. Additionally, under Federal Rule of Civil Procedure 26, a subpoena must be "relevant to any party's claim or defense and proportional to the needs of the case."

To support his Motion to Quash, Doe argues that he has "no idea what this company is talking about and I am innocent of what they are proposing." Mot. Quash. However, pleading innocence is not grounds to quash a subpoena. *See, e.g., Malibu Media, LLC v. Doe*, No. WDQ-14-0252, 2014 WL 2879326, at *3 (D. Md. June 23, 2014). Doe does not contend that he does not have "reasonable time to comply," that he has to venture beyond "certain geographical limits," that he would be required to disclose privileged matters, or that he would be subjected to "undue burden." See Fed. R. Civ. P. 45. To the extent he claims he is not the right person, the Court's May 27, 2015 Order contemplates that Malibu Media may either name him as a defendant in a sealed Amended Complaint or issue a subpoena for a one-hour deposition regarding whether Doe was responsible for downloading the copyrighted work alleged in the original Complaint. *See* ECF No. 9. Doe may claim he is not the right person either in a responsive pleading or in the deposition, but absent clear evidence of an error he cannot do so in a Motion to Quash. Because Doe has not stated a legitimate reason to quash the subpoena, his Motion to Quash is denied.

In its Response to the Motion to Quash, Malibu Media also seeks a Preservation Order "to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information . . . reasonably related to this litigation in Defendant's possession, custody, or control." ECF No. 21-1, at 1. There is, however, no need for such an order because Doe is

already under a duty to preserve material evidence. *See Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). This duty "arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *See id.* Having received a subpoena, Doe should now be aware that evidence in his possession may be relevant to this litigation and must therefore preserve it. *See Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117-WTL-MJD, 2014 WL 7366624, at *4 (S.D. Ind. Dec. 24, 2014) (finding that a letter from Comcast stating that "You have been identified in our records . . . for allegedly infringing Malibu Media, LLC's copyrights" was "sufficient to establish Defendant's duty to preserve evidence"). Therefore, the Court will not issue a preservation order at this time but informs Doe of this duty.

For the foregoing reasons, it is hereby ORDERED that the Motion to Quash is DENIED.

Date: February 11, 2016

THEODORE D. CHUANG
United States District Judge