UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE,
*Subscriber Assigned IP Address
173.66.207.187*,

    Defendant.

Civil Action No. TDC-15-1042

**MEMORANDUM ORDER**

On April 11, 2015, Plaintiff Malibu Media, LLC filed this action against Defendant John Doe for copyright infringement. ECF No. 1. Malibu Media alleges that Doe "copied and distributed" a large digital media file containing 127 copyrighted pornographic movies over the BitTorrent file distribution network without authorization. Compl. ¶¶ 2, 31-33, ECF No. 1. Malibu Media initially identified Doe only by an Internet Protocol address ("IP address"). With leave of the Court, Malibu Media subpoenaed records from the internet service provider associated with the IP address in question in order to identify Doe as the account subscriber for that IP address. Pending before the Court is Doe's Motion to Dismiss for Failure to State a Claim. ECF No. 30. For the following reasons, the Motion is denied.

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal

conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Doe argues that the facts presented are insufficient to establish a plausible claim for copyright infringement. To state a claim of direct copyright infringement, a plaintiff must allege facts that, when credited, establish that the plaintiff owns a valid copyright in the work allegedly infringed upon and that the defendant has copied "constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Here, Malibu Media adequately alleges the necessary elements. The Complaint asserts that Malibu Media is the registered copyright owner of the movies in question. The Complaint further asserts that Malibu Media's investigator downloaded from Doe's IP address "one or more bits of" a digital media file "containing a zip folder with 127 of Malibu Media's audiovisual works," and that the investigator "downloaded a full copy" of the digital media file and then verified that it contained copies of Malibu Media's copyrighted works. Compl. ¶¶ 20, 23-24.

Doe does not dispute that Malibu Media had a copyright in the movies. Rather, Doe argues that the zip file (also referred to as a zip folder or siterip file) is not itself entitled to copyright protection because it contains no original expression. Doe also contends that, absent allegations that Doe unzipped the folder to access and copy the movie files within it, Malibu Media has not adequately pleaded a copyright violation because the claim that Doe had access to the zip file does not establish that Doe copied any copyrighted works.

Doe's arguments fail. Regardless of whether a zip file, without more, would constitute protectable material, Malibu Media's allegation that Doe downloaded a zip file containing copies

of movies for which it holds the copyright is sufficient to state a claim for copyright infringement. *See Pearson Educ., Inc. v. Ishayev*, 963 F. Supp. 2d 239, 250 n.9, 251 (S.D.N.Y. 2013) (distinguishing zip files from hyperlinks and holding that "[c]onsistent with a uniform body of case law" the transmission of "zip files containing digital copies" of copyrighted material constitutes infringement); *see also Malibu Media, LLC v. Goodrich*, No. 12-CV-01394-WYD-MEH, 2013 WL 6670236, at *10 (D. Colo. Dec. 18, 2013) (finding that Malibu Media sufficiently alleged copyright infringement by demonstrating that its investigator downloaded a siterip file containing copies of copyrighted works). This allegation is supported by the fact that Malibu Media's investigator was able to download portions of the contents of the zip file from Doe's IP address. Given the nature of the BitTorrent file distribution system, a reasonable inference can be drawn that Doe downloaded the zip file containing the movie files from the fact that Doe had access to the zip file at his IP address. *See Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014) ("The inference that the person from whom Malibu's investigator downloaded the Films likely had downloaded them first and was copying and distributing them clearly is plausible . . . .").

Doe also contends that Malibu Media does not state a plausible claim because it does not specify the portions of the copyrighted works that were copied by Doe, when they were copied, or how they were copied. As described in the Complaint, the BitTorrent system facilitates distribution by "break[ing] a file into many small pieces called bits" which are then exchanged among users. Compl. ¶ 14. While it may prove to be the case that Doe copied only portions of works contained in the zip file, as opposed to the entirety of the works, this possibility "does not render plaintiff's claim implausible" because "there is a nonnegligible probability that a user who has a piece of a file constituting a movie on his computer also has the remaining pieces."

3

*Malibu Media, LLC v. Doe*, No. 13-C-0213, 2013 WL 5876192, at *2 (E.D. Wis. Oct. 31, 2013). At the pleading stage, the aim is not probability or conclusiveness, but plausibility. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). Malibu Media's allegations sufficiently meet this bar.

For the foregoing reasons, the Court finds that Malibu Media has alleged sufficient facts to state a plausible claim for relief. Accordingly, it is hereby ORDERED that Doe's Motion to Dismiss for Failure to State a Claim, ECF No. 30, is DENIED. Doe shall file an Answer to the Complaint within 14 days of the date of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

Date: September 15, 2016

THEODORE D. CHUANG
United States District Judge